IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| INCONTACT, INC., a Utah corporation,<br><br>Plaintiff,<br><br>v.<br><br>SELL AT HOME, LLC, a California limited liability company; and IRWIN NATURALS, a Nevada corporation,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:10-cv-1125-TS-PMW<br><br>Chief District Judge Ted Stewart<br><br>Magistrate Judge Paul M. Warner |

Chief District Judge Ted Stewart referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court are Sell at Home, LLC ("Sell at Home") and Irwin Naturals's ("Irwin") (collectively, "Defendants") (1) motion for leave to amend their answer to assert a counterclaim[2] and (2) motion for a scheduling conference.[3] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motions on the basis of the written memoranda. *See* DUCivR 7-1(f).

---

[1] *See* docket no. 31.

[2] *See* docket no. 26.

[3] *See* docket no. 29.

## PROCEDURAL BACKGROUND

inContact, Inc. ("Plaintiff") filed its complaint in this case on November 12, 2010,[4] and filed an amended complaint on November 29, 2010.[5] Plaintiff's amended complaint includes causes of action only for breach of contract against Defendants.[6] On December 30, 2010, Defendants filed their answer to the amended complaint, in which they asserted affirmative defenses to Plaintiff's breach of contract claims.[7] The court entered a scheduling order on January 25, 2011, in which it set all dates and deadlines for the case, including a deadline for amending pleadings or adding parties of February 28, 2011; a fact discovery deadline of July 29, 2011; and a deadline for filing dispositive motions of November 30, 2011.[8] A one-day bench trial is currently scheduled for May 7, 2012.[9]

The parties exchanged initial disclosures in February 2011, and Plaintiff served a set discovery requests on Defendants in June 2011 ("Discovery Requests"). On June 27, 2011, shortly before Defendants' responses to the Discovery Requests were due, Defendants' prior

---

[4] *See* docket no. 2.

[5] *See* docket no. 3.

[6] *See id*.

[7] *See* docket no. 6.

[8] *See* docket no. 12.

[9] *See id*.

counsel filed a motion to withdraw.[10]  The court granted that motion on June 29, 2011.[11]  In its order on the motion to withdraw, the court notified Defendants that their new counsel was required to file a notice of appearance within twenty-one days and that a new scheduling order was to be submitted by the parties within twenty-one days.[12]  It is undisputed that Defendants did not file timely responses to the Discovery Requests, Defendants did not have new counsel file a notice of appearance within twenty-one days, and the parties did not submit a new scheduling order within twenty-one days.

On August 1, 2011, Plaintiff filed a motion to strike Defendants' answer to the amended complaint and for default judgment.[13]  Soon thereafter, on August 12, 2011, Defendants' current counsel filed a notice of appearance[14] and a memorandum in opposition to Plaintiff's motion to strike and for default judgment.[15]  On August 16, 2011, Plaintiff voluntarily withdrew its motion.[16]

On August 15, 2011, Plaintiff's counsel sent a letter to Defendants' current counsel to inquire about responses to the Discovery Requests.  Defendants' counsel responded by letter on

---

[10] *See* docket no. 15.

[11] *See* docket no. 16.

[12] *See id.*

[13] *See* docket no. 17.

[14] *See* docket no. 20.

[15] *See* docket no. 21.

[16] *See* docket no. 23.

August 22, 2011, enclosing responses and objections to the requests for admission included in the Discovery Requests. In the August 22, 2011 letter, Defendants' counsel requested an extension of time to respond to the remaining Discovery Requests.

On September 22, 2011, Defendants' counsel sent another letter to Plaintiff's counsel, in which Defendants' counsel proposed that the parties stipulate to an amended scheduling order given that certain dates and deadlines had already passed. Along with that letter, Defendants' counsel included a proposed amended answer and counterclaim.

In response, on September 23, 2011, Plaintiff's counsel sent another letter to Defendants' counsel. In that letter, Plaintiff's counsel indicated that he had never consented to Defendants' request for an extension of time to respond to the Discovery Requests and noted that Defendants had still not provided responses to the outstanding Discovery Requests. Plaintiff's counsel also indicated that he would not stipulate either to amending the scheduling order or to the filing of Defendants' proposed amended answer and counterclaim. Finally, Plaintiff's counsel indicated that if he did not receive responses to the outstanding Discovery Requests on or before September 30, 2011, he would file a motion to compel and for sanctions.

On September 30, 2011, Defendants' counsel sent Plaintiff's counsel another letter, enclosing responses and objections to the interrogatories and requests for production of documents included in the Discovery Requests. While Defendants objected to the requests for production of documents, they did not provide any responsive documents. Instead, Defendants indicated that they would produce the documents within one week. Although Plaintiff did not

consent to any further delay, Defendants finally produced responsive documents on October 7, 2011.

On October 4, 2011, Defendants filed both their motion to amend their answer to include a counterclaim for breach of contract[17] and their motion for a scheduling conference.[18]  Plaintiff has opposed both motions,[19] and Defendants have filed their reply.[20]

## FACTUAL BACKGROUND

During April and May 2011, Irwin, which is an affiliate of Sell at Home, conducted a reduction in force that impacted a number of departments, including its legal department.  The person who was responsible for overseeing this case, Carl Stevens, Irwin's Vice President of Legal Affairs ("Stevens"), was dismissed.  Stevens and his assistant, who was also dismissed, were the only persons at Irwin who had knowledge about this case or who had contact with Defendants' prior counsel.  Stevens was retained for a short period of time so he could organize and transition all of Irwin's active legal affairs to another Irwin officer, Mark Green ("Green").  While a meeting was held to conduct that transition, it appears that Stevens failed to apprise Green of the pendency of this case.  Consequently, no person at Irwin was aware of the status of this case, including the existence of the scheduling order.

---

[17] *See* docket no. 26.

[18] *See* docket no. 29.

[19] *See* docket no. 32.

[20] *See* docket no. 34.

In addition to his failure to notify Green about this case at his departure, it appears that Stevens also failed to notify Defendants' prior counsel of his departure from Irwin. It also appears that Defendants' prior counsel attempted to contact Stevens several times by e-mail, but was unsuccessful. According to Defendants, Stevens's e-mail account was not being monitored by anyone at Irwin, and those e-mails were not discovered until July 2011. Also in July 2011, Defendants received notice of the order granting their prior counsel's motion to withdraw and, according to Defendants, this was the first time that they discovered that this case was pending.

Green contacted Defendants' prior counsel after discovering that he had withdrawn from the case. Based on that conversation, Green was left with the impression that he needed to decide whether Defendants would rehire prior counsel or seek the assistance of new counsel. Green did not know that there were strict deadlines for Defendants to name new counsel. Over the next several weeks, Green attempted to familiarize himself with the case while also attending to Irwin's business affairs.

Defendants assert that they first became aware that this case was at a critical stage when they received Plaintiff's motion to strike Defendants' answer and for default judgment in August 2011. Defendants then hired their current counsel and, as noted above in the procedural background of this case, their current counsel filed a notice of appearance on August 12, 2011.

## **ANALYSIS**

Defendants have filed motions (1) for leave to amend their answer to assert a counterclaim and (2) for a scheduling conference to amend the scheduling order in this case. The court will address the motions in turn.

### I. Motion for Leave to Amend

In this motion, Defendants seek leave of court to amend their answer to assert a counterclaim against Plaintiff. As noted above, many of the deadlines in the current scheduling order have passed, including the deadline for amending pleadings.

Defendants' motion for leave to amend is brought under rule 15(a)(2) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 15(a)(2). Under that rule, "[t]he court should freely give leave" to amend pleadings "when justice so requires." *Id.*; *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). The decision about whether to provide a party leave to amend its pleadings "is within the discretion of the trial court." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quotations and citation omitted). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quotations and citation omitted). The court now turns to considering those factors.

#### A. Undue Delay

With respect to undue delay, "[l]ateness does not of itself justify the denial of the amendment." *Minter*, 451 F.3d at 1205 (quotations and citation omitted). The Tenth Circuit has instructed courts to "focus[] primarily on the reasons for the delay." *Id*. at 1206. The Tenth Circuit has "held that denial of leave to amend is appropriate when the party filing the motion has no adequate explanation for the delay." *Id.* (quotations and citations omitted). Further, "[c]ourts have denied leave to amend in situations where the moving party cannot demonstrate excusable

neglect.  For example, courts have denied leave to amend where the moving party was aware of the facts on which the amendment was based for some time prior to the filing of the motion to amend." *Fed. Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387 (10th Cir. 1987).

> In addition to showing that there was no undue delay, when
>
>> an amendment is sought after the deadline for the amendment of pleadings set forth in a scheduling order, most circuits require that the parties show good cause as required under Rule 16(b) [of the Federal Rules of Civil Procedure].  The Tenth Circuit "has not ruled on [this] question in the context of an amendment to an existing pleading."

*DeMarco v. LaPay*, No. 2:09-cv-190-TS, 2011 U.S. Dist. LEXIS 124911, at *4-5 (D. Utah Oct. 27, 2011) (quoting *Bylin*, 568 F.3d at 1231 n.9) (second alteration in original) (footnotes omitted); *see also* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").  "However, it has noted the rough similarity between the good cause standard of Rule 16(b) and [the Tenth Circuit's] undue delay analysis under Rule 15 and that appellate courts that have applied Rule 16 have afforded wide discretion to district courts' applications of that rule." *DeMarco*, 2011 U.S. Dist. LEXIS 124911, at *4-5 (alteration in original) (quotations, citations, and footnotes omitted).  "When applied, the good cause standard requires the . . . party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay." *Id*., at *5 (quotations and citation omitted).

Given the rough similarity between the rule 16(b) good cause standard and the undue delay analysis under rule 15, the court will consider them together.  Based on the facts set forth above, the court concludes that Defendants have provided an adequate explanation for the delay

in seeking leave to amend their answer to assert a counterclaim. That explanation, which the court accepts in good faith, demonstrates that the delay was the result of confusion and a lack of communication, rather than the result of some intentional dilatory motive. For those same reasons, the court concludes that Defendants have also demonstrated excusable neglect. Again, any neglect of this case was not intentional, but instead was the result of problems with internal communication, which resulted in a lack of awareness about the pendency of the case. For these reasons, the court concludes that Defendants have demonstrated that there was no undue delay under rule 15 and that good cause exists under rule 16.

### B.  Prejudice

"The . . . most important . . . factor in deciding a motion to amend the pleadings, is whether the amendment would prejudice the nonmoving party." *Minter*, 451 F.3d at 1207.

> Courts typically find prejudice only when the amendment unfairly
> affects the defendants in terms of preparing their defense to the
> amendment. Most often, this occurs when the amended claims
> arise out of a subject matter different from what was set forth in the
> complaint and raise significant new factual issues.

*Id*. at 1208 (quotations and citation omitted).

For the following reasons, the court concludes that Plaintiff will not be unduly prejudiced if Defendants are provided with leave to amend. First, there has been relatively little activity in this case. Very little discovery has occurred, and there are no dispositive motions pending.

Second, Defendants proposed counterclaim is not based on new subject matter or factual issues that were not set forth in Plaintiff's amended complaint or Defendants' answer. To the contrary, Defendants' proposed counterclaim is fairly encompassed in the affirmative defenses

contained in Defendants' answer.  Further, Plaintiff's only claim is for breach of contract, and Defendants seek to assert a counterclaim for breach of the same contract.  Those claims obviously will deal with the same factual issues and subject matter.  As such, the court concludes that allowing Defendants to assert a counterclaim at this point would not unfairly prejudice Plaintiff in its ability to defend against the counterclaim.

Finally, this court has a strong preference for resolving cases on the merits, rather than on procedural technicalities.  Rigid application of the scheduling order in the manner that Plaintiff requests would be contrary to that preference.  *See Sil-Flo, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1519 (10th Cir. 1990) ("[R]igid adherence to the pretrial scheduling order is not advisable.").  By allowing Defendants to amend their answer to assert a counterclaim, this case may be resolved on its merits.

### C.  Remaining Factors

The remaining factors for the court to consider are bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, and futility of amendment.  The court finds none of those factors to be relevant or applicable in this case.  There has been no demonstration of bad faith or dilatory motive on the part of Defendants.  Quite the contrary, as the court has concluded above, Defendants have provided an adequate explanation for the delay and demonstrated excusable neglect.  Defendants have not been provided with leave to amend their answer before now, so the factor concerning failure to cure deficiencies by amendments previously allowed is not applicable.  Finally, Defendants' proposed amendment does not appear to be futile.

### D. Conclusion

For the reasons set forth above, Defendants' motion for leave to amend their answer to assert a counterclaim is granted. Defendants shall file their amended answer and counterclaim within fourteen (14) days of the date of this order.

## II. Motion for Scheduling Conference

In this motion, Defendants ask the court to hold a scheduling conference to amend the scheduling order in this case. Defendants not only seek an amendment to the deadline for amending pleadings, but also an amendment to all other relevant deadlines in the scheduling order.

As noted above, pursuant to rule 16(b)(4) of the Federal Rules of Civil Procedure, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Also as noted above, this court has a strong preference for resolving cases on their merits. The court concludes that amending the scheduling order in this case best serves that preference. Accordingly, and for many of the same reasons discussed concerning Defendants' motion for leave to amend, the court has determined that Defendants have established good cause for amending the scheduling order in this case. However, given that the parties previously were unable to reach agreement on a proposed scheduling order, the court does not believe a scheduling conference would necessarily be beneficial in constructing a new scheduling order. Instead, the parties are instructed to again meet and confer in an attempt to agree on a new scheduling order. If those attempts are successful, the parties are instructed to, within fourteen (14) days of the date of this order, file a stipulated motion to amend the scheduling order, which

the court will consider favorably. If those attempts are unsuccessful, each side shall submit to the court a proposed scheduling order within fourteen (14) days of the date of this order. After receipt of those submissions, the court will enter an amended scheduling order.

As indicated above, Defendants' motion for a scheduling conference to amend the scheduling order in this case is granted in part and denied in part.

### CONCLUSION AND ORDER

In summary, **IT IS HEREBY ORDERED:**

1. Defendants' motion for leave to amend their answer to assert a counterclaim[21] is **GRANTED**. Defendants shall file their amended answer and counterclaim within fourteen (14) days of the date of this order.

2. Defendants' motion for a scheduling conference[22] is **GRANTED IN PART AND DENIED IN PART**, as detailed above.

**IT IS SO ORDERED**.

DATED this 12th day of December 2011.

BY THE COURT:

*(signature)*

PAUL M. WARNER
United States Magistrate Judge

---

[21] *See* docket no. 26.

[22] *See* docket no. 29.